**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

JAMES ADAMS, JR.,

Petitioner, : Case No. 2:26-cv-00424

\- vs - District Judge Michael H. Watson
Magistrate Judge Michael R. Merz

OHIO ADULT PAROLE
AUTHORITY,

:

Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus action under 28 U.S.C. § 2254 was brought *pro se* by Petitioner James Adams, Jr., to obtain relief from is conviction in the Adams County Court of Common Pleas for drug possession. When the case was filed, Petitioner was imprisoned at the Ross Correctional Institution. He has advised the Court that he has been released to the custody of the Adult Parole Authority. That agency is substituted as Respondent and the caption is accordingly amended as set forth above.

The case is ripe for decision on the Amended Petition (ECF No. 6), the State Court Record (ECF No. 16), the Respondent's Return (ECF No. 17), and Petitioner's Traverse (ECF No. 19).

**Litigation History**

On June 26, 2019, the Adams County Grand Jury returned an indictment charging Adams

with one count of possession of drugs in violation of Ohio Revised Code § 2925.11(A) and one count of operating a motor vehicle under the influence in violation of Ohio Revised Code § 4511.19(A)(1)(a)(Indictment, State Court Record, ECF No. 16, Exhibit 1). A trial jury found Adams guilty of drug possession, but not guilty of the other charge. The trial judge sentenced him to imprisonment for nine months, consecutive to a sentence from the Hamilton County Court of Common Pleas "and/or Adult Parole Authority." (Judgment Entry, State Court Record, ECF No. 16, Ex. 4).

Represented by new appointed counsel, Adams appealed to the Ohio Fourth District Court of Appeals which affirmed the conviction. *State v. Adams,* 2024-Ohio-376 (Ohio App. 4th Dist. Jan. 24, 2024). Adams did not appeal to the Ohio Supreme Court.

On December 23, 2024, Adams moved for resentencing and to terminate post-release control (Motion, State Court Record, ECF No. 16, Ex. 10). The trial court denied the motion, noting that it had not impose post-release control. *Id.* at Ex. 11. Adams did not appeal from this decision, but filed his Amended Petition in this Court on May 13, 2026, pleading the following Grounds for Relief:

> **GROUND ONE**: Judge never ordered Post Release Control.
>
> **Supporting Facts**: I was on parole already in 2022 for 2020 assault. Judge stated I can't give you more parole for 2019 old felony.
>
> **GROUND TWO**: [Petitioner left this blank].
>
> **Supporting Facts**: Parole board gave me new parole and illegally sentenced me to a new parole for a old felony classed it as a new one when Judge said he couldn't give me 2019 parole. In 2022 cause I was already on parole for unrelated 2020 conviction.

Amended Petition, ECF No. 6.

## Analysis

**Procedural Default**

Petitioner seeks relief from his current custody with the Ohio Adult Parole Authority on post-release control. That custody is sufficient to sustain habeas corpus jurisdiction under 28 U.S.C. § 2241 and 2254. *Miskel v. Karnes*, 397 F.3d 446 (6th Cir. 2005); *Tiitsman v. Black*, 536 F.2d 678 (6h Cir. 1976); *United States ex rel Baker v. Finkbeiner*, 551 F.2d 180 (7th Cir. 1977); *United States ex rel. Rybarik v. Maroney*, 406 F.2d 1055 (3rd Cir, 1969). "Individuals subject to post-release control, like individuals subject to supervised release in the federal system, satisfy the 'in custody' requirement." *Nian v. Warden,* 994 F.3d 746 (6th Cir. 2021), quoting *In re Stansell,* 828 F.3d 412, 416 (6th Cir. 2016).

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

Petitioner's constitutional claim appears to be that he is being continued under the supervision of the Ohio Adult Parole Authority without authorization under Ohio law. He raised this claim in his December 13, 2024, Motion for Resentencing. However, when the claim was

denied, he failed to appeal to the Fourth District. It appears the claim could depend on evidence that was not in the record at that time. Instead of an appeal, then, he could have filed a petition for post-conviction relief under Ohio Revised Code § 2953.21. But the time for appeal or for a post-conviction petition have long since expired and Adams has filed neither.

On the basis of Adams' failure to fairly present this claim to the Ohio courts, Respondent seeks dismissal. Adams' Traverse, which is a much more understandable statement of his claim than either his Motion for Resentencing or Amended Petition, responds to the procedural default defense by referring to his Motion for Resentencing (Traverse, ECF No. 19, PageID 384). Accepting that as an initial presentation of the claim, Adams says nothing of his failure to appeal to either the Fourth District of the Ohio Supreme Court. The fair presentation requirement calls for presentation to a full round of state court process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 846-7(1999). Particularly on a difficult question of the proper calculation of post-release time for a person with as many felony convictions as Adams, a habeas court should have the benefit of state court consideration.

Adams did not fairly present his claim to the Ohio courts. The claim is therefore procedurally defaulted and Adams has offered no excusing cause and prejudice.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Amended Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and

should not be permitted to proceed *in forma pauperis*.

August 31, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #