**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**James Adams Jr.,**

**Petitioner,**

**v.**

**Ohio Adult Parole Authority,**

**Respondent.**

**Case No. 2:26-cv-424**

**Judge Michael H. Watson**

**Magistrate Judge Merz**

## OPINION AND ORDER

James Adams Jr. ("Petitioner"), proceeding without the assistance of counsel, petitions for a writ of habeas corpus ("Petition"), challenging his placement on post-release control. Petition, ECF No. 6.

The Magistrate Judge has issued a Report and Recommendation ("R&R") recommending that the Court dismiss the Petition as procedurally defaulted. R&R 3, ECF No. 20. Specifically, the R&R construes the Petition as raising a federal claim: the imposition of post-release control in violation of Ohio law amounted to a violation of the federal Constitution. *Id.* at 3.

But the R&R notes that Petitioner presented this claim to the state trial court via a motion for resentencing and failed to appeal the trial court's denial of that motion. *Id.* at 3–4. Petitioner also failed to present the claim via an explicit state-court petition for postconviction relief pursuant to Ohio Revised Code § 2953.21. *Id.* at 4. Accordingly, the R&R recommends concluding, the claim is both unexhausted and procedurally defaulted.

Petitioner objects. Obj., ECF No. 21.

## I. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court reviews *de novo* those portions of the R&R to which Petitioner properly objected.

## II. ANALYSIS

The habeas corpus statute contains an exhaustion requirement. 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ."). This means that a federal court cannot consider the merits of a claim on habeas review unless the applicant "exhaust[s] all potential avenues of relief available under state law prior to prosecuting a federal action for collateral review." *Linger v. Akram*, 23 F. App'x 248, 252 (6th Cir. 2001) (citation omitted); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.").

That exhaustion requirement is satisfied "only after the petitioner has fully litigated his or her claim(s) within the state judicial system to a final dispositive adverse decree issued by the state's Supreme Court." *Linger*, 23 F. App'x at 252 (citation omitted).

Here, the Court assumes that the Petition raises a federal claim. The Court nonetheless agrees that Petitioner failed to exhaust his state-court remedies when he failed to appeal the trial court's denial of his motion for resentencing and failed to raise the claim in another timely § 2953.21 petition. Because Petitioner did not exhaust his state-court remedies, this Court cannot consider the claim.

The next question regards how the Court should proceed on this unexhausted claim. The Sixth Circuit has suggested in unpublished opinions that the best course in situations like this is to stay the habeas petition and permit the petitioner to attempt to exhaust the unexhausted claim in state court. *See Godbolt v. Russell*, 82 F. App'x 447, 450 (6th Cir. 2003) ("No matter how unlikely it seems that Godbolt's petition will fall within the narrow exception contained in the statute, it is for the state courts to interpret and enforce their laws on such issues." (citation omitted)); *Gaston v. State of Ohio*, 27 F. App'x 301, 305 (6th Cir. 2001) ("This Court need not determine whether Appellant's claims meet the standards provided in O.R.C. § 2953.23. Rather, the Appellant may bring a postconviction petition before the court that imposed the sentence, and it is the prerogative of that court to determine whether the petition meets the requirements of § 2953.23.").

Although a habeas petition may be stayed in the right circumstances to permit exhaustion, courts in this Circuit have concluded that a stay is unwarranted where unexhausted claims are procedurally defaulted because the

petitioner plainly has no available state-court avenues to exhaust his claim. *E.g.*, *Wilds v. Warden, Chillicothe Corr. Inst.*, 745 F. Supp. 3d 591, 603–04 (S.D. Ohio 2024); *cf. Benson v. Tenn.*, No. 2:19-cv-2236, 2021 WL 3891587, at *8 (W.D. Tenn. Aug. 31, 2021) ("Besides, Petitioner filed no post-conviction petition at all. So he never asserted a claim of ineffective assistance of counsel to the Tennessee courts. And now, Petitioner can no longer bring these claims in state court, because the state statute of limitations has run." (citation omitted)).

And the Sixth Circuit has affirmed such conclusions where it was obvious from the record that the petitioner could not exhaust his claims. *Cf. Hedenberg v. Noble*, No. 19-4250, 2020 WL 3422167, at *2 (6th Cir. June 15, 2020) (citation omitted); *see also Moss v. Maldonado*, No. 24-4091, 2025 WL 3811368, at *2 (6th Cir. June 26, 2025) ("And Ohio's rule against successive post-conviction petitions would preclude Moss from raising any other claims in a new petition." (citing Ohio Rev. Code § 2953.23)); *Seymour v. Walker*, 224 F.3d 542, 553 (6th Cir. 2000) ("[T]his court need not reach the merits of this claim in any case, because Seymour did not raise it in any subsequent state court proceeding, and it appears that it can now no longer be considered by a state court. Since Seymour cannot show cause for this procedural default, . . . this claim is barred.").

So, the Court considers whether Petitioner has available any state-court remedies to exhaust the claim. If so, the Court will dismiss the Petition without

prejudice or stay this habeas proceeding to permit him to exhaust his remedies. If not, the Court will deny the Petition with prejudice as procedurally defaulted.

There are two possible state-court exhaustion avenues here: (1) an appeal of the state trial court's denial of his motion for resentencing and (2) an ability to raise the claim in a separate civil case via a postconviction petition under § 2953.21. Neither is viable.

First, Petitioner cannot appeal the state trial court's denial of his motion for resentencing because the appellate deadline has passed. *See* Ohio R. App. 4(A).

Moreover, there is no opportunity for a delayed appeal of the decision on his resentencing motion. To be sure, Ohio Rule of Appellate Procedure 5(a) governs delayed appeals and permits the same on direct review of a *criminal* case, in limited situations. *See* Ohio R. App. P. 5(a). But Rule 5(a) "does not apply to civil cases." *State v. Jordan*, 221 N.E.3d 254, 258 (Ohio Ct. App. 2023) (citation omitted).

And Petitioner's motion for resentencing is not part of his criminal case; it is a petition for postconviction relief, which is a civil proceeding. *See State v. Strickland*, No. 14AP-307, 2014 WL 6436246, at *2 (Ohio Ct. App. Nov. 18, 2014) ("Although appellant captions his motion as a 'motion for resentencing,' we construe this filing as a petition for postconviction relief." (citation omitted)). Accordingly, because it is a civil proceeding, Rule 5(a) "is not available in the

appeal of a postconviction relief determination . . . ." *Jordan*, 221 N.E.3d at 258 (citation omitted).

So, even though Petitioner raised this federal claim in the state trial court via a motion for resentencing, he failed to appeal that court's denial of the motion and has no mechanism for a belated appeal.

Nor can Petitioner raise his federal claim by filing another § 2953.21 petition. On the one hand, the deadline for bringing such a petition has passed. Ohio Rev. Code § 2953.21(A)(2)(a) (requiring such petitions to be filed within 365 "days after the expiration of the time for filing the appeal."). On the other hand, the Ohio statute permits untimely postconviction petitions in extremely limited circumstances, Ohio Rev. Code § 2953.23(A), so the Court considers whether it would be possible for Petitioner to meet that standard.

As pertinent here, Ohio Revised Code § 2953.23 sets forth two conditions for untimely postconviction petitions. One such condition is that the petitioner "shows that he was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief[.]" Ohio Rev. Code § 2953.23(A)(1)(a). The other is that "[t]he petitioner shows by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted . . . ." Ohio Rev. Code § 2953.23(A)(1)(b).

The Court need only address the first condition because Petitioner plainly cannot satisfy it here. He was certainly aware of the facts on which his claim is

based by December 2024, when he raised this very claim in his motion for resentencing. Therefore, there is no available mechanism by which he can raise this claim in a separate § 2953.21 petition.

Because there are no longer any available mechanisms to exhaust this claim in state court, it is procedurally defaulted for habeas purposes. *E.g.*, *Jones v. Eller*, No. 23-5174, 2024 WL 899738, at *2 (6th Cir. Jan. 29, 2024) ("A petitioner procedurally defaults a claim if the petitioner fails to exhaust the claim in state court and state remedies are no longer available." (citation omitted)). The Court therefore should deny the Petition with prejudice.

None of Petitioner's twelve objections to the contrary are persuasive. The Court addresses them in order.

Petitioner first argues that he agrees with the R&R to the extent the R&R concludes that Petitioner's status on post-release control renders him "in custody" for purposes of a habeas petition. Obj. 1–2. Petitioner objects, however, that the custody is unconstitutional. *Id.*

This objection lacks merit because, to the extent it is merely a merits argument, it ignores the fact that the Court cannot consider the merits of an unexhausted and procedurally defaulted claim. To the extent the objection stresses a distinction between federal and state law—i.e., confirming that Petitioner argues that the violation of Ohio law amounted to a violation of his federal rights—the R&R assumed for the sake of argument that Petitioner framed his claim as a federal one. This Court did, too, so the objection is moot.

In his second and third objections, Petitioner argues that the R&R recognizes that the state trial court did not impose post-release control. *Id.* at 2. He reiterates that the state trial court's failure to impose post-release control is the basis for his habeas claim, and he repeats his request for *de novo* consideration of the lawfulness of post-release control imposed by the Ohio Department of Rehabilitation and Correction ("ODRC") and the Adult Parole Authority, as opposed to a trial court. *Id.* He also argues that ODRC's records corroborate his assertion that ODRC and the Adult Parole Authority, not the trial court, imposed post-release control. *Id.* at 2–3.

These objections fail because they are focused on the merits of Petitioner's habeas claim, whereas the R&R recommends that this Court was not permitted to even consider the merits because the claim was unexhausted and procedurally defaulted.

Petitioner's fourth and sixth objections again connect the violation of Ohio law to the violation of federal law. Namely, Petitioner objects that because he was arrested for violating post-release control that was imposed in violation of Ohio law, his arrest has affected his federal liberty and due process rights. *Id.* at 3–4. Therefore, he contends, his Petition states a cognizable claim.

This objection is again meritless because, as noted in connection with Petitioner's first objection, the R&R determined that the Petition raises a federal claim. It does not recommend dismissal for failure to assert a claim cognizable in habeas.

In his fifth objection, Petitioner argues that he can show cause and prejudice to overcome the procedural default. For cause, Petitioner argues that he failed to appeal the state trial court's denial of his resentencing motion only because he did not receive timely notice of the same due to his incarceration.[1] *Id.* at 3. He contends that he did not learn about the same until after the time for a direct appeal had expired. *Id.* As for prejudice, Petitioner argues that the illegal imposition of post-release control has prejudiced him by causing a deprivation of liberty. *Id.* at 4.

Although petitioners can overcome procedural default by showing cause and prejudice,[2] *e.g.*, *Hedenberg*, 2020 WL 3422167, at *3, this objection fails because Petitioner did not raise this cause and prejudice argument before the Magistrate Judge. *See* Petition, ECF No. 3; Am. Petition, ECF No. 6; Notice of Evidence, ECF No. 7; Change of Address, ECF No. 8; Mot. Amend., ECF No. 12; Reply, ECF No. 19. This was despite having been put on notice of his opportunity to do so. *See* Return of Writ 12, ECF No. 17. Petitioner cannot argue cause and prejudice for the first time in his objection to the R&R. *Cf.* *Steele v. Jenkins*, No. 17-4171, 2018 WL 2144073, at *4 (6th Cir. Mar. 5, 2018)

---

[1] The Court notes, however, that the state clerk served the judgment via regular mail and e-mail. Record, ECF No. 16 at PAGEID # 299; Ohio R. Civ. P. 5(B)(2)(c) (permitting regular mail), (f) (permitting email service). Although the docket reflects that the mail was returned, *see id.*, there is no indication that the clerk learned Petitioner did not receive the email.

[2] A petitioner can also overcome procedural default by showing a fundamental miscarriage of justice which, in turn, involves showing "actual innocence." *Hedenberg*, 2020 WL 3422167, at *3 (citation omitted). Petitioner does not argue that he is actually innocent.

("But Steele did not raise this claim in his petition; rather, he presented it for the first time in his objections to the magistrate judge's report and recommendation. He therefore has waived review of this claim." (citation omitted)).

Seventh, Petitioner notes that the R&R mentions his lengthy criminal history, and he argues that his criminal history does not provide a license for the unlawful imposition of post-release control. Obj. 4–5.

This objection lacks merit because the R&R does not recommend dismissing the Petition due to Petitioner's criminal history. *See* R&R 4, ECF No. 20. Rather, the R&R notes only that it is important to exhaust all federal issues in state court before raising them in a habeas petition so that state courts have an opportunity to consider the same. *Id.* The need for state courts to have an initial opportunity to cure federal violations is especially true, the R&R explains, in instances like this where a criminal defendant's federal claim hinges on a complicated analysis of state law that state courts are best equipped to perform. *Id.*

The need for state courts to first review the issue is highlighted by Petitioner's eighth objection, which is that "Ohio law governing multiple periods of post-release control is material to whether the challenged custody was authorized." Obj. 5, ECF No. 21. Due to the complexity of the analysis, Petitioner asks the Court in this objection to review the Ohio statute governing post-release control, review his multiple convictions, and determine whether the challenged imposition of post-release control was authorized. *Id.*

Again, this is a merits objection that overlooks the R&R's conclusion that this Court may not consider the very merits Petitioner objects that the Court should consider. Because this objection is not directed at the procedural default analysis, it is not persuasive.

In his ninth objection, Petitioner asks for liberal treatment of his Petition due to his *pro se* status. *Id.* at 5–6. Specifically, he asks the Court to construe the substance of his claim as cognizable in habeas notwithstanding any failure to frame the claim as a constitutional one. *Id.*

In essence, this objection overlaps with Petitioner's first, fourth, and sixth objections, and it fails for the same reason those objections failed. Both the R&R and this Court have construed the Petition as raising a cognizable claim.

Sadly, Petitioner states in his tenth objection that he suffered a stroke when he was incarcerated during the challenged period of post-release control. *Id.* at 6. He argues that the stroke was caused by subpar living conditions and negligence by ODRC personnel, but he recognizes that such facts might form the basis of a claim under 42 U.S.C. § 1983, for which he would need to file a separate lawsuit. *Id.* The thrust of the objection appears to be an attempt to "preserve" available remedies. *Id.*

Because this objection is not a true objection to the R&R, the Court need not address it further except to say that Petitioner cannot preserve a claim merely by raising it via an objection to an R&R in another proceeding. Petitioner is

hereby advised that his efforts in this habeas proceeding will not preserve his ability to assert a claim under § 1983.

In his eleventh objection, Petitioner again asserts that a serious constitutional violation has occurred, which caused substantial irreparable injury, and he requests merits review to the extent permitted by law. *Id.* at 6–7. To that end, he asks the Court to consider whether his failure to receive timely notice of the state trial court's denial of his motion for resentencing establishes cause and prejudice to overcome the procedural default for habeas purposes. *Id.* at 7.

The importance of the issue is not lost on the Court, but the Court will not consider Petitioner's proffered cause and prejudice argument due to his failure to raise it first to the Magistrate Judge.

In his twelfth and final objection, Petitioner objects to the R&R's recommendation that the Court deny a certificate of appealability ("COA") and certify that any appeal would be frivolous. *Id.* at 7.

A state prisoner who seeks a writ of habeas corpus in federal court does not have an automatic right to appeal a district court's adverse decision unless the court issues a COA. 28 U.S.C. § 2253(c)(1)(A). A court may issue a COA only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a claim has been denied on procedural grounds, the petitioner must establish "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would

find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not find the Court's procedural ruling debatable, so the Court **DECLINES** to issue a certificate of appealability.

Finally, the Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith.

The Court **DISMISSES WITH PREJUDICE** the Petition as procedurally defaulted. The Clerk shall enter judgment for Respondent and terminate this case.

**IT IS SO ORDERED.**

Michael H. Watson

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT**